## ARNOLD & Co. v. PROUT.

51  587
69  497

51  587
70  332

51  587
74  235

An agreement that a quantity of ale, otherwise proved to have been sold and delivered by the plaintiffs to the defendant in Ogdensburg, New York, to be forwarded by railroad to Manchester, New Hampshire, should remain good for a reasonable time after it reached its destination, and that, if destroyed in the transit through any fault of the plaintiffs, they should bear the loss, would not be evidence tending to prove that Manchester was the place of delivery, or that the sale was not completed in New York.

ASSUMPSIT, by Arnold & Co. against Michael Prout, to recover pay for ale to the amount of $782, and casks, barrels, and hogsheads, $166.50, sold and delivered by the plaintiffs to the defendant. The plaintiffs were brewers of ale at Ogdensburg, N. Y., and the defendant was a dealer in the article at Manchester, N. H. In the fall of 1865, the defendant was at the plaintiffs' brewery in Ogdensburg, and there was talk about ale, but none was then ordered. Afterwards the defendant ordered the ale in question by the following letter:

MANCHESTER, N. H., Nov. 18, 1865.

. Mr. ARNOLD: Sir—I wish you would make me a car-load of that nice ale me and you spoke about the last time I saw you. Please to write me a few lines.        Yours truly,        M. PROUT.

The plaintiffs brewed ale to fill the order, and delivered it to a carrier in Ogdensburg, directed to the defendant, Manchester, N. H. The ale arrived in Manchester, and was delivered by the Concord Railroad to the defendant, who gave them a receipt for it, paid them the freight on it from Ogdensburg, carried it to his place of business, and used and disposed of it soon after in the usual course of his trade. It was of good quality, and arrived in good condition. Jacob F. Arnold, one of the plaintiffs, testified that the ale was to be delivered to the carrier in Ogdensburg, and that there was no agreement as to delivery in Manchester; and on cross-examination, that, according to the custom and course of their business, if ale was frozen, or burst, or destroyed in transit, it was their loss and not that of the buyer; and further, on reëxamination, " when we sell a man ale, we warrant it for a reasonable length of time : if found bad, we make it up to keep friends, and keep his trade. If anything happens to ale in transit, not through our fault, it is loss of buyer. He must look to railroad company. It was the understanding between Prout and I that this ale should be good for a reasonable time after it reached him in Manchester. I did not know the laws of New Hampshire prohibited sale of ale, at time of sale. ' The defendant had bought ale before of the

plaintiffs, and testified that ale from them had always been delivered to him in Manchester, and he paid freight on it from Ogdensburg; that Mr. Morgan, one of the plaintiffs, on one occasion settled with him a claim for damages on a bill of ale which turned out to be of poor quality after it arrived in Manchester. No other evidence was introduced bearing upon the question where this ale was delivered.

Upon this evidence the court ordered a verdict for the plaintiffs, which the defendant moved to set aside.

*Cilley* and *Clark & Huse*, for the defendant.

The defendant moves to set aside the verdict and for a new trial, on the ground that there was competent evidence introduced by him to show that said ale was delivered in Manchester, N. H., where the sale thereof was illegal. *Dailey* v. *Blake*, 35 N. H. 29; *Hazelton* v. *Batchelder*, 44 N. H. 40; ch. 1, sec. 31, and ch. 99, secs. 14, 23, 24, of Gen. Stats.

Evidence was offered by the defendant tending to show that ale was intoxicating liquor; and if deemed material, the defendant desires to amend the above case in this respect.

*Little* and *C. R. Morrison*, for the plaintiffs.

1. The defendant's letter, under the circumstances, is to be understood as an order to make and *forward* a car-load of ale. If the plaintiffs were to make a *car*-load, they were to put it on to the cars directed to the defendant at Manchester. No other construction would be sensible. And upon such a construction, the property passed the moment the ale was delivered to the carrier for the defendant. *Garland* v. *Lane*, 46 N. H. 245, 248; *Woolsey* v. *Bailey*, 27 N. H. 217; *Smith* v. *Smith*, 27 N. H. 244; *Hill* v. *Spear*, 50 N. H. 253.

2. The understanding that the ale should be good a reasonable time after it reached the defendant in Manchester did not prevent the property passing on the delivery to the railroad at Ogdensburg, and in no way affects the case. *Boothby* v. *Plaisted* (recently decided).

3. It is immaterial whether ale previously purchased is to be regarded as sold in the one place or the other, for the sale in this case was upon the defendant's order and was complete at Ogdensburg. See cases before cited.

4. But Prout testified to no facts from which it could follow as a legal conclusion that Manchester was the place of delivery for any of the ale previously purchased. Delivery *by* the carrier to him was at Manchester; but delivery *to* the carrier for him was in every case at Ogdensburg. All that Prout meant was that the manual delivery of the ale by the employees of the road was at Manchester. But he admitted that he had always paid the freight; and, if necessary, we wish the case amended so as to show these facts. Upon all the facts stated

by Prout, the sale in every case was complete at Ogdensburg ; and there was nothing for the jury, for they could have found but one way.

BELLOWS, C. J.   There was no express direction in the order to send the goods by the railroad, but it is fairly. to be inferred, from the direction to make a car-load of the ale, that the defendant expected it would be so sent.

It was delivered to the carrier at Ogdensburg directed to the defendant at Manchester, and he received it and paid the freight.

This is evidence, and, unless controlled, conclusive evidence that the ale was properly delivered to the carrier in New York, and is, I think, equivalent to proof of an express order so to send it.   So far, then, this appears, without being obliged to rely upon the plaintiffs' own testimony ; and in confirmation of it, one of the plaintiffs testifies that the ale was to be delivered to the carrier at Ogdensburg. and that there was no agreement as to delivery in Manchester.   The law on this subject is extremely well settled, that if a tradesman order goods to be sent by a carrier, although no particular carrier be named, the moment they are delivered to the carrier it operates as a delivery to the purchaser, and the property at once vests in him,—the carrier in fact being considered as the agent of the buyer and not of the seller. *Dutton* v. *Solomonson*, 3 Bos. & Pul. 584 ; *Cooke* v. *Ludlow*, 2 B. & P. New Rep. 118.   And this doctrine has been fully recognized in New Hampshire.   *Woolsey* v. *Bailey*, 27 N. H. 217 ; *Smith* v. *Smith*, *ibid* 252, and cases cited ; *Garland* v. *Lane*, 46 N. H. 248, and cases cited ; *Sortwell* v. *Hughes*, 1 Curtis U. S. C. C. 244.

Unless, then, there is evidence tending to control this proof that the goods were to be delivered to a carrier, it must be taken that the sale was completed in New York ; and we think there is no such evidence.

Evidence that the plaintiffs warranted the ale to be reasonably fit for transportation, and to be good for a reasonable time, has no such tendency.   An agreement, that if the ale was destroyed in the transit the plaintiffs should bear the loss, would be evidence tending to prove that the place of delivery was at Manchester ; but it would be otherwise if the agreement was that the plaintiffs should bear the loss if destroyed in the transit through their own fault ; and such is the substance of the testimony on that point.

Nor do we think that the testimony of the defendant, that the ale he had before bought of the plaintiffs had always been delivered to him in Manchester, tends to prove that, by the usual course of dealing between the parties, Manchester was the place of delivery.   If it did, it should have been left to the jury to find whether, in this case, the ale was to be delivered there.   But it will be observed that the defendant does not testify that Manchester was the agreed place of delivery, or anything equivalent to it ; but what he does say may fairly be understood to mean that the goods were received from the railroad there, the defendant paying the freight from Ogdensburg.   Unless the case can be so amended as to show that more was meant, we think it cannot be

understood as tending to prove a course of dealing that made Manchester the place of delivery.

The counsel for the defendant are right in their position that if there was any evidence, though slight, tending to rebut the position that the delivery was in New York, the question ought to have been submitted to the jury ; but we think there was not, and there must be

*Judgment on the verdict.*